IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JOHN A. FREUDENBERG,<br><br>Plaintiff,<br><br>vs.<br><br>THEODORE I. SAKAI; MAX OTANI; JOHN OR JANE DOES 1-25; AND DOE ENTITIES 1-25,<br><br>Defendants. | CIVIL NO. 14-00276 DKW-KSC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

## INTRODUCTION

State prisoner John A. Freudenberg alleges that Defendants Theodore I. Sakai and Max Otani, acting in their individual capacities, violated 42 U.S.C. §1983 by repeatedly denying him access to a prison work furlough program, which Freudenberg claims is a condition precedent to his parole. Even assuming the truth of his allegations, Freudenberg fails to state a claim under either the Eighth or

Fourteenth Amendment. Accordingly, his Section 1983 claim is DISMISSED with prejudice.

## BACKGROUND

Freudenberg is serving multiple terms of life imprisonment, with the possibility of parole, and has been incarcerated since 1984 by the State of Hawaii, Department of Public Safety ("DPS"). The Hawaii Paroling Authority ("HPA") reduced his minimum term to fourteen years in 1990. He became eligible for parole in 1996 and has completed the State's Sex Offender Treatment Program ("SOTP") and Behavior Modification Program. Freudenberg has been classified by DPS as a low security risk and held in "community custody," the lowest custody level. Complaint ¶¶ 8-12.

Beginning in 1996, Freudenberg sought admission to the work furlough program administered by the Corrections Division of DPS. Following his first parole hearing on September 13, 1996, the HPA recommended that Freudenberg be admitted to the work furlough program, and conditioned his parole on participation in the program. In April 1997, DPS denied Freudenberg's application for the work furlough program without explanation. Freudenberg claims that he has appeared before the HPA for parole sixteen times, and each time, the HPA required that he be admitted to the work furlough program as a step towards parole. DPS

administrators, however, have continued to deny his requests to participate in the work furlough program, thereby preventing Freudenberg from being eligible for parole. Complaint ¶¶ 14-18.

According to Freudenberg, he has met all written DPS requirements for work furlough participation since 1996. He contends that DPS has nonetheless denied all of his applications for inconsistent and pretextual reasons or without any reason. His most recent application is still pending before DPS. Complaint ¶¶ 20-22. In an April 16, 2013 letter, Sakai notified him that his request "remains under consideration" because DPS is "making improvements to the program at OCCC.[1] When these changes are in place, we will review your request." Defs.' Ex. A (4/16/13 Letter). Otani similarly notified Freudenberg that he "will be considered for furlough placement once staff and needed programming issues at the work furlough program are stabilized." Defs.' Ex. B (8/29/13 Letter).

Freudenberg asserts that "all other inmates convicted of sexual offenses who have successfully completed SOTP and were otherwise qualified for work furlough have been, and continue to be, admitted to work furlough, including some inmates who were diagnostically rated as greater risks[.]" Complaint ¶¶ 30. He alleges

---

[1]"OCCC" refers to the Oahu Community Correctional Center located in Honolulu.

that DPS's denial of his work furlough applications "have effectively converted [his] sentence to life without the possibility of parole." Complaint ¶ 31. Freudenberg's complaint asserts one count under 42 U.S.C. § 1983 based on violations of his Eighth and Fourteenth Amendment rights. Defendants seek dismissal of the complaint with prejudice.

**STANDARD OF REVIEW**

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain

statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

## DISCUSSION

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Freudenberg fails to identify any federally protected right that was violated, his 42 U.S.C. § 1983 claim is fatally flawed.[2]

## I. No Eighth Amendment Violation

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing

---

[2]Because the Court concludes that Freudenberg fails to state a claim, and that amendment would be futile, it does not reach Defendants' alternative arguments regarding ripeness.

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Second, a prisoner must demonstrate that prison officials acted with "deliberate indifference." *Wilson*, 501 U.S. at 303; *Johnson*, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Even assuming the truth of Freudenberg's allegations, the circumstances described in the complaint do not depict cruel or unusual conditions of confinement or any other conduct in violation of the Eighth Amendment. To the extent

Freudenberg alleges that his continued confinement and ineligibility for parole amount to over-detention, he likewise fails to state a claim under the Eighth Amendment because he has not been detained beyond his life sentence. *See, e.g.*, *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) ("Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest."); *Davis v. Oregon*, 2010 WL 3259924, at *2 (D. Or. Aug. 16, 2010), aff'd, 472 Fed. Appx. 846 (9th Cir. 2012) ("To put the formula into the context of the present case, there must be facts, viewed in the light most favorable to [plaintiff], on which a jury could find defendants knew of a substantial risk that his release date had been miscalculated, that they subjectively drew that inference from those facts, and still disregarded the risk.").

Accordingly, Freudenberg cannot state a claim under Section 1983 for violation of the Eighth Amendment.

## II. No Fourteenth Amendment Violation

Freudenberg alleges that Defendants' conduct violates his rights to due process and equal protection secured by the Fourteenth Amendment. The Court addresses each below.

### A. **Freudenberg's Due Process Rights Were Not Violated**

There is a two-step inquiry to determine whether a prisoner's procedural due process rights were violated. First, the Court must determine if the plaintiff possessed a liberty or property interest with which the state interfered. *See, e.g.*, *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003). If the prisoner has a protected liberty or property interest with which the state interfered, the Court must determine if the state's action was preceded by sufficient procedural and evidentiary safeguards. *See Serrano*, 345 F.3d at 1078-79.

Even assuming the truth of Freudenberg's allegations, he fails to state a claim because he possessed no protected liberty or property interest in participating in the work furlough program, which he claims he needed to do in order to be eligible for parole. Prisoners have no constitutionally protected liberty interest in their eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Prisoners also have no liberty or property interest in work or vocational programs. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("[a]n inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause"); *see also Baumann v. Arizona Dep't of Corr.*, 754

F.2d 841, 844 (9th Cir. 1985); *Cornelio v. Hirano*, 2012 WL 851642, at *6 (D. Haw. Mar. 12, 2012) ("Plaintiff has no constitutional right to participate in a work furlough program. . . . Thus, Plaintiff's ineligibility for the work furlough program and consequent ineligibility for early release does not extend his confinement in an unexpected manner or entitle him to protections under the Due Process Clause itself.").

Similarly, prisoners have no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7–11 (1979); *Kula v. Malani*, 2007 WL 2874839, at *2 (D. Haw. Sept. 27, 2007).[3] Freudenberg, therefore, has no constitutionally protected liberty interest entitling him to participate in any work furlough program or to parole. To the extent Freudenberg attempts to state a claim based on a right to be *eligible* for parole, he cites no authority for this as-yet unrecognized right, and the Court declines to imply one in the face of the authority discussed above.

---

[3]It is well-settled that an inmate in Hawaii has no right to parole—"[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence," *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979), and Hawaii's parole statute does not create a liberty interest in parole. *See Ramsay v. Haw. Paroling Auth.*, 2012 WL 518486, *4 (D.Haw. Feb. 14, 2012); *Regan v. Hawaii*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007); *Wilkinson v. Austin*, 795 F. Supp. 1020, 1024 (D. Haw. 1992).

Likewise, Freudenberg has no protected, state-created liberty interest here. State law creates a liberty interest only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from their sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Ninth Circuit has held that Hawaii's prison regulations and policies do not create a protected liberty interest in parole. *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997); *see also Olim v. Wakinekona*, 461 U.S. 238, 249-51 (1983). In addition, under *Sandin*, the denial of access to rehabilitative programs or work furlough neither restrains Freudenberg's freedom in a manner not expected from his sentence nor imposes an atypical and significant hardship in relation to the ordinary incidents of prison life.

Freudenberg, therefore, has no protected, state-created liberty interest in any of his claims, and fails to state a claim under the Fourteenth Amendment's Due Process Clause.

**B. <u>Freudenberg's Equal Protection Rights Were Not Violated</u>**

As a general matter, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the

plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). But, "[w]hen an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Freudenberg attempts to allege such a claim here.

"In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [defendant] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *Id.* A class-of-one plaintiff must also show that the difference in treatment resulted from non-discretionary state action. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 603 (2008). The *Engquist* court held that where an equal protection claim is based on a government action that requires subjective and individualized assessments, that different treatment is an accepted consequence of the discretion granted. *Engquist*, 553 U.S. at 592. The Supreme Court explained as follows:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary

> singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Id.*; *see also Sloup v. Loeffler*, 2008 WL 3978208, at *15 (E.D.N.Y. Aug. 21, 2008) ("the Supreme Court recently clarified the *Olech* holding by limiting class of one claims in contexts characterized by individualized and subjective determinations") (internal quotation omitted).

Courts have found a wide array of conduct by government actors to involve subjective, individualized determinations. *See, e.g., Flowers v. City of Minneapolis*, 558 F.3d 794, 799-800 (8th Cir. 2009) (concluding that "a police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion," and thus "they may not be attacked in a class-of-one equal protection claim")); *United States v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008) (rejecting application of "class of one" equal protection theory to prosecutorial discretion, because "the discretion conferred on prosecutors in choosing whom and how to prosecute is flatly inconsistent with a presumption of uniform treatment"); *Contasti v. City of Solana Beach*, 2014 WL 60005, at *7 (S.D. Cal. Jan. 6, 2014) (concluding "that the City Council's decision to deny Plaintiff's development review permit by its nature 'involve[d] discretionary decision making based on . . . subjective, individualized assessments,' and therefore, cannot

constitute an equal protection violation") (citations omitted); *Papas v. Leonard*, 2012 WL 1445853, at *17 (D. Or. Apr. 25, 2012) (finding that plaintiffs' challenge to discretionary code enforcement decisions did not state cognizable class of one claim); *Adams v. Meloy*, 287 Fed. Appx. 531, 534 (7th Cir. 2008) (rejecting application of "class of one" equal protection theory to parole board decisions).

In the present case, the decision regarding whether an inmate is suitable to be released into the community as part of a work furlough program necessarily involves a case-by-case determination, discretionary decisionmaking, and subjective, individualized assessments. That is particularly so where, as here, the inmate is a sex offender and has committed sex-related offenses resulting in the imposition of multiple life sentences. The Court finds it difficult to envision any scenario where such a release decision could be made with something other than an individualized, subjective, and discretionary assessment. Indeed, Freudenberg's class of one claim fails because Defendants' inherent discretion in administering the work furlough program *necessitates* that some prisoners will receive more favorable treatment than others, and allowing the type of Equal Protection challenge asserted here would undermine the very discretion that DPS officials are entrusted to exercise. *See Engquist*, 553 U.S. at 603.

## CONCLUSION

For the foregoing reasons, Freudenberg fails to state a claim under Section 1983, and the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint for Injunctive and Declaratory Relief and Damages. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 15, 2014 at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Derrick K. Watson
United States District Judge